FILED
3/10/2022 3:56 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
17038091

FILED DATE: 3/10/2022 3:56 PM   2022L002382

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| NICOLE CARRANO-RIVERA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2022L002382 |
| ) | |
| TARGET CORPORATION, a foreign ) | Hearing Date: 5/18/2022 10:00 AM |
| corporation, d/b/a Target #1176, and ) | |
| Debbie Huchro, individually and as an agent ) | |
| of Target Corporation, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT AT LAW**

Plaintiff, NICOLE CARRANO-RIVERA, through her attorneys ROMANUCCI & BLANDIN, complains of Defendants, TARGET CORPORATION, a foreign corporation, d/b/a Target #1176 and Debbie Huchro, individually and as an agent of Target Corporation, pleading hypothetically and in the alternative where stated or applicable, hereby states as follows:

**FACTUAL ALLEGATIONS AND JURISDICTION**

1. On March 29, 2020, and at all times relevant herein, Plaintiff, NICOLE CARRANO-RIVERA, was a resident of Du Page County, Illinois.

2. At all times relevant herein, there was a law in full force and effect in the State of Illinois governing venue, 735 ILCS 5/2-102, which, *inter alia*, provides that any private corporation is a resident of any county in which it has its registered office or other office or is doing business.

3. On March 29, 2020, and at all times relevant herein, Defendant, TARGET CORPORATION, a foreign corporation, d/b/a Target, d/b/a Target #1176 (herein collectively referred to as "TARGET") had a place of business listed at 1700 East Rand Road, Arlington Heights, Cook County, State of Illinois.

EXHIBIT A

4. On March 29, 2020, and at all times relevant herein, there existed a retail store incorporated under the laws of and licensed to do business at 1700 East Rand Road, Arlington Heights, Cook County, State of Illinois, commonly known as Target #1176.

5. On March 29, 2020, and at all times relevant herein, Defendant TARGET was doing business as Target #1176.

6. On March 29, 2020, and at all times relevant herein, Defendant TARGET owned the premises located at 1700 East Rand Road, Arlington Heights, Cook County, State of Illinois.

7. On March 29, 2020, and at all times relevant herein, Defendant TARGET operated the premises located at 1700 East Rand Road, Arlington Heights, Cook County, State of Illinois.

8. On March 29, 2020, and at all times relevant herein, Defendant TARGET managed the premises located at 1700 East Rand Road, Arlington Heights, Cook County, State of Illinois.

9. On March 29, 2020, and at all times relevant herein, Defendant TARGET maintained the premises located at 1700 East Rand Road, Arlington Heights, Cook County, State of Illinois.

10. On March 29, 2020, and at all times relevant herein, Defendant TARGET controlled the premises located at 1700 East Rand Road, Arlington Heights, Cook County, State of Illinois.

11. On March 29, 2020, and at all times relevant herein, Target #1176 was open for business to the general public.

12. On March 29, 2020, and at all times relevant herein, there existed uneven, broken, and/or otherwise defective curbside cement at Target #1176.

13. On March 29, 2020, and at all times relevant herein, said uneven cement existed at or near the front entrance to Target #1176 used by customers of Target #1176.

14. At no time on March 29, 2020, did an employee, agent, and/or servant of Defendant

FILED DATE: 3/10/2022 3:56 PM  2022L002382

TARGET level the uneven cement existing at or near the front entrance of Target #1176.

15. At no time on March 29, 2020, did an employee, agent, and/or servant of Defendant TARGET warn customers of said uneven cement.

16. At no time on March 29, 2020, did an employee, agent, and/or servant of Defendant TARGET place warning signs near said uneven cement.

17. At no time on March 29, 2020, did an employee, agent, and/or servant of Defendant TARGET place barricades near said uneven cement to prevent customers from tripping on said uneven cement.

18. On March 29, 2020, Plaintiff NICOLE CARRANO-RIVERA was a customer at Target #1176.

19. On March 29, 2020, Plaintiff NICOLE CARRANO-RIVERA tripped on the aforementioned uneven cement at or near the front entrance to Target #1176.

20. As a result of tripping on the aforementioned uneven cement, Plaintiff NICOLE CARRANO-RIVERA fell to the ground and was injured.

<u>**COUNT I—NEGLIGENCE**</u>
*NICOLE CARRANO-RIVERA v. TARGET CORPORATION, a foreign corporation, d/b/a Target, d/b/a Target #1176*

21. Plaintiff incorporates by reference paragraphs 1 through 20 of the Factual Allegations, as though fully stated herein.

22. It was the duty of the defendant, before and at the time of the occurrence, to use ordinary care for the safety of the plaintiff.

23. Notwithstanding said duty, on the aforesaid date and at said place, Defendant TARGET by and through its duly authorized agents, employees, and/or servants committed one or more of the following acts and/or omissions:

    a. Created the condition present in the cement;

3

FILED DATE: 3/10/2022 3:56 PM   2022L002382

     b. Did not level the uneven cement;
     c. Did not direct customers around the cement;
     d. Did not warn of the uneven cement; and/or
     e. Did not separate patrons from the uneven cement.

24. At the aforesaid time and place, as a result of one or more of the foregoing acts and/or omissions, Plaintiff NICOLE CARRANO-RIVERA tripped on uneven cement and fell to the ground.

25. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Plaintiff NICOLE CARRANO-RIVERA sustained injuries of a personal and pecuniary nature.

26. As a further direct and proximate result of one or more of the foregoing acts and/or omissions, Plaintiff NICOLE CARRANO-RIVERA suffered severe and permanent injuries, both internally and externally; and as a consequence thereof, Plaintiff has suffered and will continue to suffer great pain and mental anguish and loss of a normal life; that in addition thereto, Plaintiff has incurred and will in the future incur reasonable and necessary medical expenses in endearing to treat of said injuries; and that Plaintiff has and will suffer from disability and disfigurement, and has otherwise been damaged in a pecuniary way.

WHEREFORE, Plaintiff NICOLE CARRANO-RIVERA through her attorneys, ROMANUCCI & BLANDIN, prays for judgment against Defendant TARGET for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), the jurisdictional limit of the law division of the Circuit Court of Cook County.

**COUNT II – PREMISES**
*NICOLE CARRANO-RIVERA v. TARGET CORPORATION, a foreign corporation, d/b/a Target, d/b/a Target #1176*

27. Plaintiff re-alleges paragraphs 1 through 20 as if fully stated herein as paragraph 27 of her Complaint at Law.

4

28. It was the duty of Target Corporation, as an owner and occupier of the property in question, to exercise ordinary care to see that the property was reasonably safe for the use of those lawfully on the property.

29. Notwithstanding said duty, Defendant TARGET committed one or more of the following acts and/or omissions:

   a. Allowed a dangerous condition to exist at or near the front entrance of the premises by failing to take the appropriate steps to level the uneven cement that they knew, or in the exercise of ordinary care, should have known would create a trip hazard to invitees and other persons, including Plaintiff, NICOLE CARRANO-RIVERA;

   b. Allowed a dangerous condition to exist by failing to take appropriate steps to ensure that invitees had a safe pathway into the premises when they knew or, in the exercise of ordinary care, should have known that invitees and other patrons would be using said front entrance and knew that there was uneven cement at or near the front entrance which created a trip hazard for Plaintiff, NICOLE CARRANO-RIVERA;

   c. Failed to provide a reasonably safe pathway for invitees when they knew, or in the exercise of ordinary care, should have known that invitees and other persons would be using said front entrance and knew that there was uneven cement which created a trip hazard for Plaintiff, NICOLE CARRANO-RIVERA;

   d. Failed to properly warn and/or notify invitees of a dangerous condition present at or near the front entrance when they knew or, in the exercise of ordinary care, should have known that invitees or other persons would not have knowledge of said dangerous condition and knew that there was uneven cement at or near said front entrance which created a trip hazard for Plaintiff, NICOLE CARRANO-RIVERA;

   e. Failed to properly train employees and/or contractors on how to inspect and level the uneven cement;

   f. Failed to provide a safe means of entering the premises when they knew or, in the exercise of ordinary care, should have known that invitees or other persons would be using said front entrance to enter the premises and knew that there was uneven cement at or near said front entrance which created a trip hazard for Plaintiff, NICOLE CARRANO-RIVERA; and/or

   g. Failed to instruct employees, and contractors to properly and adequately maintain the curbs at or near the front entrance for use by invitees.

30. At the aforesaid time and place, as a result of one or more of the foregoing acts and/or omissions, Plaintiff, NICOLE CARRANO-RIVERA, tripped on the said uneven cement and fell to the ground.

31. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Plaintiff NICOLE CARRANO-RIVERA sustained injuries of a personal and pecuniary nature.

32. As a further direct and proximate result of one or more of the foregoing acts and/or omissions, Plaintiff NICOLE CARRANO-RIVERA suffered severe and permanent injuries, both internally and externally; and as a consequence thereof, Plaintiff has suffered and will continue to suffer great pain and mental anguish and loss of a normal life; that in addition thereto, Plaintiff has incurred and will in the future incur reasonable and necessary medical expenses in endearing to treat of said injuries; and that Plaintiff has and will suffer from disability and disfigurement, and has otherwise been damaged in a pecuniary way.

WHEREFORE, Plaintiff NICOLE CARRANO-RIVERA through her attorneys, ROMANUCCI & BLANDIN, prays for judgment against Defendant TARGET for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), the jurisdictional limit of the law division of the Circuit Court of Cook County.

### COUNT III—NEGLIGENCE
*NICOLE CARRANO-RIVERA v. DEBBIE HUCHRO, individually and as an agent of TARGET*

33. Plaintiff incorporates by reference paragraphs 1 through 20 of the Factual Allegations as and for paragraph 33 as though fully stated herein.

34. On information and belief, on March 29, 2020, Debbie Huchro was a resident of Illinois.

35. On March 29, 2020, Debbie Huchro was an employee and agent of Target.

6

FILED DATE: 3/10/2022 3:56 PM   2022L002382

36. On and before March 29, 2020, Target,

   a. Withheld taxes from Debbie Huchro's paycheck;
   b. Had the right to terminate her from her employment with Target;
   c. Provided Debbie Huchro the tools to perform her job;
   d. Provided Debbie Huchro materials to perform her job;
   e. Provided Debbie Huchro equipment to perform her job; and/or
   f. Derived a direct benefit from the work Debbie Huchro performed.

37. On and before March 29, 2020, Debbie Huchro:

   a. Was a Target manager;
   b. Was responsible for the overall operation of Target store #1176;
   c. Was responsible for the overall operation of Target store #1176;
   d. Was responsible for directing employees of Target store #1176;
   e. Was responsible for supervising employees of Target store ##1176;
   f. Had control over the work performance of the employees who inspected the outside areas of Target store #1176; and
   g. Had control over the work performance of the employees who worked outside areas of Target store #1176 including by way of example and not limitation employees who shuttled carts into and out of the store.

38. It was the duty of the Defendant, before and at the time of the occurrence, to use ordinary care for the safety of Plaintiff, NICOLE CARRANO-RIVERA.

39. Notwithstanding said duty, on the aforesaid date and at said place, Defendant Debbie Huchro committed one or more of the following acts and/or omissions:

   a. Failed to properly train employees with job responsibilities that included performing inspections of the outside of the store;
   b. Failed to properly train employees with job responsibilities that included shuttling carts in and out of the store;
   c. Failed to direct employees on conducting proper inspections;
   d. Failed to see that the property was safe for guests;
   e. Failed to remedy the cement condition that was a cause of plaintiff's fall;
   f. Failed to implement proper inspection procedures;
   g. Failed to properly supervise the employees tasked with inspecting the premises;
   h. Failed to properly supervise the employees tasked with shuttling carts in and out of the store; and/or
   i. Failed to provide employees with policies and procedures regarding inspections of outside the store.

7

FILED DATE: 3/10/2022 3:56 PM  2022L002382

40. At the aforesaid time and place, as a result of one or more of the foregoing acts and/or omissions, Plaintiff, NICOLE CARRANO-RIVERA, tripped on the said uneven cement and fell to the floor.

41. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Plaintiff NICOLE CARRANO-RIVERA sustained injuries of a personal and pecuniary nature.

42. As a further direct and proximate result of one or more of the foregoing acts and/or omissions, Plaintiff NICOLE CARRANO-RIVERA suffered severe and permanent injuries, both internally and externally; and as a consequence thereof, Plaintiff has suffered and will continue to suffer great pain and mental anguish and loss of a normal life; that in addition thereto, Plaintiff has incurred and will in the future incur reasonable and necessary medical expenses in endearing to treat of said injuries; and that Plaintiff has and will suffer from disability and disfigurement, and has otherwise been damaged in a pecuniary way.

WHEREFORE, Plaintiff NICOLE CARRANO RIBERA through her attorneys, ROMANUCCI & BLANDIN, prays for judgment against Defendant DEBBIE HUCHRO, individually and as an agent of Target Corporation, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), the jurisdictional limit of the law division of the Circuit Court of Cook County.

Attorney for Plaintiff

Bruno R. Marasso
ROMANUCCI & BLANDIN, LLC.
321 North Clark Street Suite 900
Chicago, Illinois 60654
Tel.: (312) 458-1000
Email: bmarasso@rblaw.net
Atty. No.: 35875

FILED DATE: 3/10/2022 3:56 PM    2022L002382

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| NICOLE CARRANO-RIVERA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| TARGET CORPORATION, a foreign | ) |
| corporation, d/b/a Target #1176, and | ) |
| Debbie Huchro, individually and as an agent | ) |
| of Target Corporation, | ) |
| | ) |
| Defendants. | ) |

## JURY DEMAND

Plaintiff hereby demands a jury trial in this case.

Respectfully submitted,

*/s/ Bryce R. Marasso*
Attorney for Plaintiff
(ARDC No: 6307986)

ATTORNEY FOR PLAINTIFFS:
ROMANUCCI & BLANDIN, LLC.
321 North Clark Street Suite 900
Chicago, IL 60654
Tel.: (312) 458-1000
Fax: (312) 458-1004
Email: bmarasso@rblaw.net
Atty. No.: 35875